UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ANDRE BARNES,

                    Plaintiff,                    Case # 16-CV-479-FPG

v.                                                    DECISION AND ORDER

BRIAN K. TUCKER, et al.,
                    Defendant.

───────────────────────────────

## INTRODUCTION

On June 13, 2016, *pro se* Plaintiff Andre Barnes, an inmate currently incarcerated at Ogdensburg Correctional Facility, filed this action against Defendants alleging that the agent involved in his prosecution violated his constitutional rights under 42 U.S.C. § 1983. ECF No. 1.

On December 20, 2016, after screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court construed this action as one under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), because Plaintiff sued federal officials. ECF No. 5. Because Plaintiff's criminal prosecution was still pending, the Court stayed this case in compliance with the Supreme Court's recommendation in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended.").

On July 5, 2017, while this case was still stayed, Plaintiff filed an Amended Complaint that is now the operative pleading. ECF No. 6. Plaintiff alleges a conspiracy between FBI Agent Tucker and Judge Feldman to prosecute Plaintiff in this Court without jurisdiction. *Id*. at 2-3. Plaintiff alleges that the warrant issued for his arrest was invalid, his prosecution lack legal basis,

1

and he moved to dismiss the criminal complaint against him for "lack of subject matter jurisdiction." *Id*. at 6. Plaintiff acknowledges his criminal prosecution and asks that the Amended Complaint be served on Defendants "at the termination of the case." *Id*. at 9.

On November 15, 2018, Plaintiff was convicted after a jury trial of sex trafficking of children by force, fraud, or coercion in violation of 18 U.S.C. § 1591 and related counts. *See* Case # 16-CR-6029, ECF Nos. 154, 157. On January 25, 2019, Plaintiff was sentenced to 27 years in prison and 10 years of supervised release. *Id*. at ECF No. 183.

For the reasons that follow, the Amended Complaint is dismissed without prejudice.

## DISCUSSION

**I.      Legal Standard**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court must dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In evaluating the complaint, the court must accept all factual allegations as true and draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary" and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also*

*Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (noting that "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). Although the court must liberally construe *pro se* pleadings, "particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8, *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

## II.   Plaintiff's Allegations

Plaintiff alleges that, on September 22, 2015, Defendant Tucker swore to a criminal complaint against Plaintiff before Judge Feldman who issued an arrest warrant. ECF No. 6 at 2. Plaintiff claims that Tucker included false information regarding the age of the victims, and that Judge Feldman acted without jurisdiction because the acts alleged did not occur "within the special maritime and territorial jurisdiction of the United States" and therefore could only be prosecuted on behalf of the People of the State of New York in state criminal court. *Id*. at 2-4.

## III.  Federal Criminal Prosecution

Plaintiff's Amended Complaint questions the validity of his criminal conviction. Plaintiff expressly challenges the jurisdiction of the United States to prosecute him and alleges that Agent Tucker's and Judge Feldman's acts amounted to a conspiracy to deprive him of his constitutional rights. In sum, Plaintiff alleges that his criminal prosecution lacked a legal basis and a violated his constitutional rights.

A plaintiff does not have a case under § 1983 when success in that action would necessarily call into question a criminal conviction.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

3

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). As the Supreme Court noted in *Wallace*, if "the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal." *Wallace*, 549 U.S. at 394. *Heck* applies to *Bivens* cases like this one. *See Tavarez v. Reno*, 54 F3d 109, 110 (2d Cir. 1995).

Therefore, if success on Plaintiff's claims would necessarily imply the invalidity of his criminal conviction, they must be dismissed because they have not yet accrued. Such is the case here, because Plaintiff alleges that his prosecution was invalid. Success on that claim would call his conviction into question, "a conviction that [can] not be reconciled with the claims of his civil action." *Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014). Accordingly, this case must be dismissed without prejudice.

## IV. Absolute Judicial Immunity

Judges are absolutely immune from suit for actions taken within the scope of their judicial responsibilities. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9 (1991). Allegations that the judge acted in bad faith do not piece the protection of immunity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The United States Supreme Court has expressly applied the doctrine of judicial immunity to § 1983 and *Bivens* actions. *See Pierson*, 386 U.S. at 547; *Butz v. Economou*, 438 U.S. 478, 504 (1978).

The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id*. at 356-57 (internal quotation marks omitted);

4

*see also Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2d Cir. 1988) (noting that Supreme Court has drawn a critical distinction "between 'excess of jurisdiction' and 'clear absence of all jurisdiction'" and holding that "the scope of the judge's jurisdiction [is to be] construed broadly").

Second, a judge is immune only for actions performed in his judicial capacity. *See, e.g.*, *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant). Plaintiff complains of actions Judge Feldman took in his judicial capacity, and therefore he is entitled to absolute judicial immunity and the claims against him must be dismissed with prejudice. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) (leave to amend need not be granted where amendment would be futile).

## **CONCLUSION**

All claims against Judge Feldman are dismissed with prejudice and the Clerk of Court is directed to terminate him as a party to this action. The Amended Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted and the Clerk of Court will close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct further requests to proceed on appeal *in forma pauperis* to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: March 29, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court